C. H. DARLING COMPANY *vs.* JAMES E. MONAHAN.

JANUARY 26, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is an action of *scire facias* against the bail accepted in the case of *C. H. Darling Company* v. *George K. Alling.* In said case judgment was obtained by plaintiff herein and an execution—*capias ad satisfaciendum* —was issued returnable November 15, 1929. The officer to whom the execution was delivered for service returned the same, with a return of *non est inventus* thereon, thirty-one days after the return day. The only question before the trial court was whether the failure to return the execution on the return day thereof discharged the bail. The trial court ruled that said failure did not discharge the bail and rendered decision for the plaintiff for $321.71. The case is before us on defendant's exceptions to such ruling and the decision based thereon.

We think the ruling was correct. Perhaps the reason for the scarcity of authorities on the precise point in jurisdictions having a statute similar to ours is that lawyers may have assumed that a late return of the execution did not invalidate bail. The defendant relies mainly upon Vermont authorities and certain general statements found in decisions holding that bail is discharged if the execution is returned before its return day. See *McAuliffe* v. *Lynch,* 17 R. I. 410. There is sound reason for the rule that bail is discharged if execution is returned before the return day thereof. In the absence of property to be levied upon the officer has not done his full duty to search for the defendant reasonably during the whole life of the execution, if he is not in the meantime

apprehended. A return that the officer is unable to apprehend the defendant may not be true if the execution is returned before the return day. By returning the execution prematurely the officer has, during the life of the execution, put it beyond his power to take the defendant, and the bail may have been prejudiced thereby. On the other hand, the bail is not prejudiced by the officer's retention of the execution beyond the return day. The delay operates to extend the time within which the bail may surrender the defendant.

The Vermont authorities holding that the bail is discharged unless the execution is returned during its life are based on a statute specifically providing that the bail shall not be "holden to answer any judgment" unless, within sixty days from the rendition thereof, execution is levied on the goods, chattels or the body of the defendant or a return of *non est inventus* is regularly made thereon. The statute is peculiar to Vermont. In the absence of a statute so providing there appears to be no reason for holding that a delay which cannot harm the bail, and may be of advantage to him, discharges the bail. It has been frequently held that title to property purchased at sale on execution is not invalidated by failure to return the execution on the return day. *Welsh* v. *Joy*, 13 Pick. 477; *Ingersoll* v. *Sawyer*, 2 Pick. 276; *Foster* v. *Berry*, 14 R. I. 601.

This court has held that the surety on a bond given to dissolve an attachment is not discharged by the failure of the officer taking the bond to lodge the same with the clerk of the court to which the writ is returnable as directed by Section 18, Chap. 350, G. L. 1923. *Wilson* v. *Donnelly*, 19 R. I. 113.

Section 7, Chap. 375, G. L. 1923, provides that whenever the principal shall avoid so that his property cannot be found to satisfy the execution nor his body be found to be taken "the plaintiff in the original writ may sue out his writ of *scire facias* against the bail." The statute contains no condition that the execution be returned on the return day thereof.

*Bradford* v. *Earle*, 4 Pick. 120, was an action of *scire facias* against bail. The defendant in the original action deceased twenty days after the return day of the execution. Thereafter the officer in charge of the execution made a return of *non est inventus* dated as of the return day. The court, holding that the bail was not discharged, said: "The filing of the execution is an immaterial fact. Though it should remain in the hands of the officer, yet that would be no objection to the *scire facias* against the bail, if the proper return is made. The object in putting the execution in the clerk's office is, to preserve it as evidence for the benefit of the parties."

The defendant herein, by giving bail, received into his custody from the custody of the sheriff the defendant in the original action. It is not contended that the officer entrusted with the service of the execution did not make diligent search for the required length of time. The bail, although afforded additional time by reason of the delay in returning the execution, has not surrendered said defendant. Said delay did not discharge the bail.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*James H. Rickard*, for plaintiff.
*John J. Mee*, for defendant.